# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14 CR 40

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| JUSTIN M. BREEDLOVE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to a Violation Report (#51) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his prehearing release. At the call of this matter, it appeared that Defendant was present with his counsel, Fredilyn Sison, and the Government was present through AUSA Richard Edwards. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, admitted the allegations contained in the Violation Report.

On March 22, 2016 a Petition (#44) was filed by the United States Probation Office alleging that Defendant had violated the terms and conditions of his

supervised release. On March 23, 2016, the undersigned conducted an initial appearance hearing for the Defendant and released Defendant on terms and conditions of pretrial release which required the conditions of (8)(r) & (y) that Defendant was required to participate in a program of inpatient or outpatient substance abuse therapy and counseling and was to attend a 48 day treatment program at the Swain Recovery Center.

On May 25, 2016 Defendant was discharged from the Swain Recovery Program prior to his completion of the program due to the Swain Recovery Center finding written notes of a romantic nature from the Defendant to a female client who was age seventeen. Defendant was instructed by the Swain Recovery Center to attend further treatment at the Recovery Connections Community in Angiers, NC. The Defendant was to begin attending treatment at the Recovery Connections Community treatment facility on May 30, 2016 and declined to do so.

The Defendant now desires to attend the Recovery Connections Community treatment facility treatment program. This treatment program lasts for two years.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

    (1)    finds that there is----
           (A) probable cause to believe that the person has committed a

Federal, State, or local crime while on release; or

    (B) clear and convincing evidence that the person has violated any other condition of release; and

(2)   finds that ---

    (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

    (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

There has been shown by clear and convincing evidence that Defendant violated the condition of release that required him to attend the Swain Recovery Center treatment program. Defendant was expelled from the program due to his violation of the rules of the Swain Recovery Center. After the Defendant was expelled from the program, he was directed to attend the Recovery Connections Community treatment facility in Angiers, NC, but did not do so.

Due to the findings made above and further considering the factors as set forth under 18 U.S.C. § 3142(g), it appears it is unlikely that the Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of prehearing release previously issued in this matter

and entering an order detaining Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

_____
Dennis L. Howell
United States Magistrate Judge